O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

IRENE GONZALEZ,

                              Plaintiff,

                    v.

GENERAL ELECTRIC; DOES 1 to 99;
inclusive; ROES 1 to 99, inclusive,
                              Defendants.

Case No.: 2:23-cv-01866-MEMF-SK

**ORDER GRANTING MOTION TO DISMISS AND DENYING MOTION TO STRIKE [ECF NO. 8]**

    Before the Court is the Motion to Dismiss and the Motion to Strike filed by Defendant

HAIER US APPLIANCE SOLUTIONS, INC. For the reasons stated herein, the Court hereby

GRANTS the Motion to Dismiss and DENIES the Motion to Strike as MOOT. Gonzalez is

ORDERED to file a First Amended Complaint within twenty-eight (28) days of the date of this

Order if she still desires to pursue any of the claims being dismissed with leave to amend.

/ / /

/ / /

**BACKGROUND**

I.     **Factual Background[1]**

On or about January 28, 2021, Plaintiff Irene Gonzalez ("Gonzalez") was on premises owned, operated, and/or controlled by Defendant Haier US Appliance Solutions, Inc. d/b/a GE Appliances ("GEA"). Compl. ¶¶ 8, 10. Gonzalez was struck by a "dangerous and defective" shipping container, which caused Gonzalez serious and permanent injuries. *Id.* ¶ 10. Gonzalez's injuries and damages are a direct result of the actions of GEA's employees and/or agents, and GEA failed to provide the safety functions they were obligated to in order to "protect all persons" on their property. *Id.* ¶¶ 7, 9–13.

II.     **Procedural History**

On January 23, 2023, Plaintiff Irene Gonzalez ("Gonzalez") filed an Unverified Form Complaint against Defendant Haier US Appliance Solutions, Inc. d/b/a GE Appliances ("GEA") in the Superior Court of the State of California for the County of Los Angeles. ECF No.1 ("Notice of Removal").[2] Gonzalez raised five causes of action: (1) premises liability; (2) negligent hiring/retention; (3) negligent supervision; (4) gross negligence/reckless misconduct/violations of Civil Code §1714; and (5) negligence. *See generally* Compl.

On March 13, 2023, GEA filed a Notice of Removal to this Court. Notice of Removal. On March 20, 2023, GEA filed the instant Motion to Dismiss, including a Memorandum of Points and Authorities. ECF No. 8 ("MTD"). The MTD also included a Declaration of Counsel in Support of the Motion. MTD at 13 ("First Granata Decl."). On April 3, 2023, Gonzalez filed an Opposition to the MTD, ECF No. 11 ("Opp'n"), including a declaration in support of the Opposition from Gonzalez's lead counsel. Opp'n at 9 ("Youmtobian Decl."). On April 5, 2023, GEA filed a Reply in support of the MTD, ECF No.12 ("Reply"), including a declaration from the lead counsel in support of the reply. MTD at 10 ("Second Granata Decl."). On June 22, 2023, the Court circulated a tentative order to the parties prior to the hearing on this matter, which was scheduled for that afternoon.

---

[1] Unless otherwise indicated, the following factual background is derived from the Complaint for Damages attached to the Notice of Removal. Exhibit 1, ECF No. 1-1. ("Complaint" or "Compl.").

[2] Gonzales erroneously sued GEA as "General Electric." *See generally* Compl.; Notice of Removal at 2.

2

Shortly thereafter, the parties filed a Joint Request to vacate the hearing, (1) noting that the parties agreed to submit on the Court's tentative ruling, and (2) jointly requesting that the June 22, 2023 hearing be vacated. ECF No. 15.

## MOTION TO DISMISS

I.   **Applicable Law**

### A. Motion to Dismiss for Failure to State a Claim

A Motion to Dismiss for failure to state a claim upon which relief can be granted is appropriate under Federal Rules of Civil Procedure Rule 12(b)(6): "[A] party may assert the following defenses by motion: . . . (6) failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12.

Rule 12(b)(6) allows a court to dismiss a claim, or a complaint as a whole, if the plaintiff fails to present a cognizable legal theory or to provide sufficient facts to support a cognizable legal theory. *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008) (citing *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1990)). The plaintiff must provide "only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009).

In applying Rule 12(b)(6), a court should "accept all well-pleaded material facts as true and draw all reasonable inferences in favor of the plaintiff." *Caltex Plastics, Inc. v. Lockheed Martin Corp.*, 824 F.3d 1156, 1159 (9th Cir. 2016) (citing *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012)). Still, "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly* 550 U.S. at 555. Overall, "Determining whether a complaint states a plausible claim for relief is a 'context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Ebner v. Fresh Inc.*, 838 F.3d 958, 963 (9th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 679).

/ / /

### B.  Gross Negligence

California courts generally define the concept of gross negligence as either the "want of even scant care" or "an extreme departure from the ordinary standard of conduct." *City of Santa Barbara v. Superior Ct*., 161 P.3d 1095, 1099 (Cal. 2007) (citations omitted). However, gross negligence is not a distinct cause of action in California courts. Rather, it is viewed as an extreme degree of general negligence. "California does not recognize a distinct common law cause of action for gross negligence apart from negligence." *Jimenez v. 24 Hour Fitness USA, Inc.*, 188 Cal. Rptr. 3d 228, 233 n.3 (Ct. App. 2015). *See also Grappo v. McMills*, 240 Cal. Rptr. 3d 164, 179 (Ct. App. 2017).

The exceptional instances when gross negligence is properly distinguished from ordinary negligence occur when a plaintiff has signed a contract releasing the defendant from future liability for negligence. California courts have held that, in those situations, such contracts should not shield defendants from liability for gross negligence, which is outside the scope of the release. *See City of Santa Barbara*, 161 P.3d at 1118 ("[T]he abrogation of gross negligence as a general matter, nevertheless may require that the law continue to recognize gross negligence in the context of 'anticipatory released and exculpatory clauses.'" (citing *Bielski v. Schulze* 114 N.W.2d 105, 114 (Wis. 1962))); *Andersen v. Fitness Internet*, 208 Cal. Rptr. 3d 792, 803 (Ct. App. 2016); *Jimenez*, 188 Cal. Rptr. 3d at 235 ("A release cannot absolve a party from liability for gross negligence."). *See also* 1 Witkin, *Summary of Cal. Law*, *Contracts*, §§ 660, 665c (10th ed. 2005).  In these cases, whether an act of negligence rises to the extreme degree of gross negligence is generally "a triable issue of material fact." *Jimenez*, 188 Cal. Rptr. 3d at 236.

### C.  Reckless Misconduct

Reckless misconduct is also known as willful misconduct.

'Wilful or wanton misconduct' travels under several other names. Its aliases include 'serious and wilful misconduct,' 'wanton misconduct,' 'reckless disregard,' 'recklessness,' and combinations of some or all of these. These terms are interchangeable because they all identify the same thing—'an aggravated form of negligence, differing in quality rather than degree from ordinary lack of care'

*New v. Consol. Rock Prod. Co.*, 217 Cal. Rptr. 522, 525–26 (Ct. App. 1985) (quoting William L. Prosser, *Handbook of the Law of Torts* § 34, at 184 (4th ed. 1971)).

Reckless or willful misconduct is different from negligence. Misconduct concerns either an active intent to harm or acting despite knowledge that *probable* injury will occur as a result. Comparatively, negligence deals with a lack of care that implicates *possible* injury. "Willful or wanton misconduct is intentional wrongful conduct, done either with a knowledge that serious injury to another will probably result, or with a wanton and reckless disregard of the possible results." *Nazar v. Rodeffer*, 229 Cal. Rptr. 209, 212 (Ct. App. 1986) (citations omitted), abrogated on different grounds by *Ornelas v. Randolph*, 847 P.2d 560 (Cal. 1993).

California courts generally look to three factors to differentiate between negligent acts and misconduct:

> Three essential elements must be present to raise a negligent act to the level of wilful misconduct: (1) actual or constructive knowledge of the peril to be apprehended, (2) actual or constructive knowledge that injury is a probable, as opposed to a possible, result of the danger, and (3) conscious failure to act to avoid the peril.

*New*, 229 Cal. Rptr. at 212; *see also Williams v. Carr*, 440 P.2d 505, 510 (Cal. 1968).

### D.  Leave to Amend

The Court is free to allow a party to amend "when justice so requires." FED. R. CIV. P. 15(a)(2). While "leave to amend should be given freely, a district court may dismiss without leave where a plaintiff's proposed amendments would fail to cure the pleading deficiencies and amendment would be futile." *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011).

## II.  **Discussion**

### A.  **Gonzalez cannot plead a distinct claim of gross negligence (as related to the Fourth and Fifth Causes of Action).**

Gonzalez cannot raise a distinct cause of action for gross negligence; "California does not recognize a distinct common law cause of action for gross negligence apart from negligence."

*Jimenez*, 188 Cal. Rptr. 3d at 233 n.3 (Ct. App. 2015). *See also Andersen*, 208 Cal. Rptr. 3d at 801; *City of Santa Barbara*, 161 P.3d at 1117; *Grappo*, 240 Cal. Rptr. 3d at 179. While the concept of gross negligence may be recognized as being more extreme than ordinary negligence, the point remains that since "California's adoption of the comparative fault doctrine, 'there typically [has been] no need to distinguish gross negligence from ordinary negligence' because fact finders can compare the respective fault of the parties." *Anderson*, 208 Cal. Rptr. 3d at 801 (citing *City of Santa Barbara*, 161 P.3d at 1118). Moreover, even if one was to distinguish between gross negligence and ordinary negligence, it would be a debate over the extremity of the negligence in question, not over the type of tort. "'Gross negligence' . . . differs from ordinary negligence only in degree, and not in kind." *Gore v. Bd. of Med. Quality Assurance*, 167 Cal. Rptr. 881, 888 (Ct. App. 1980) (citing Prosser, *supra*, at 183).

In her opposition, Gonzalez cites to *City of Santa Barbara* to support the idea of an independent cause of action for gross negligence.[3] Opp'n at 4. However, Gonzalez misinterprets *City of Santa Barbara*, which narrowly held that people cannot contract themselves out of future liability for negligence if that negligence rises to the degree of being gross. That does not mean gross negligence is an individual tort and separate from negligence. As the California Supreme Court stated, "Our holding simply imposes a limitation on the defense that is provided by a release . . . But this, we believe, is different from recognizing a separate cause of action for gross negligence." *City of Santa Barbara*, 161 P.3d at 1117 n.58. *City of Santa Barbara* does not apply here.

Again: "Do [California] Courts Recognize a Cause of Action for 'Gross Negligence'? No." *Cont'l Ins. Co. v. Am. Prot. Indus.*, 242 Cal. Rptr. 784, 788 (Ct. App. 1987). Gonzales may argue that her fifth cause of action of negligence rises to a degree of gross negligence, but she cannot raise a distinct cause of action for gross negligence itself.

---

[3] Gonzalez also cites to *Weber v. Pinyan*, 70 P.2d 183 (Cal. 1937) and *Ward v. Jones*, 249 P.2d 246 (Cal. 1952) for support. Opp'n at 3–5. *Weber* does not support the idea of a separate cause of action for gross negligence; rather, it held that negligence, *even* gross negligence, is different than misconduct. *See Weber*, 70 P.2d at 187. Gonzales also misreads the dissent of *Ward* to claim gross negligence is recognized as a tort bearing elements of both negligence and willfulness. Gonzalez cites nonbinding dicta, which itself cites precedent that disproves Gonzalez's assertion: "Willfulness and negligence are contradictory terms." *Donnelly*, 118 P.2d at 468 (cited within *Ward*, 249 P.2d at 254).

Accordingly, the Motion to Dismiss is GRANTED WITHOUT LEAVE TO AMEND with respect to this ground.

**B. California Civil Code §1714 is an appropriate statute to cite for negligence claims as related to personal injury (as to the Fourth and Fifth Causes of Action).**

The relevant part of CAL. CIV. CODE §1714 reads:

> Everyone is responsible, not only for the result of his or her willful acts, but also for an injury occasioned to another by his or her want of ordinary care or skill in the management of his or her property or person, except so far as the latter has, willfully or by want of ordinary care, brought the injury upon himself or herself.

CAL. CIV. CODE § 1714(a).

GEA claims that because CAL. CIV. CODE § 1714 largely "relates to liability due to intoxication and/or distribution of firearms in personal injury cases, and it does not relate to *unintentional* incidents due to an allegedly defective shipping," it is inapplicable in the case at bar. Reply at 2. This is not true. California courts have long recognized CAL. CIV. CODE § 1714(a) as the basis for negligence claims unrelated to intoxication and/or firearms—including for personal injury negligence claims. *See Lawson v. Safeway Inc.*, 119 Cal. Rptr. 3d 366, 372 (Ct. App. 2010) (citing CAL. CIV. CODE § 1714(a) for a personal injury case); *Alva v. Cook*, 123 Cal. Rptr. 166, 169 (Ct. App. 1975) (case involving wrongful death). In fact, the California Supreme Court recently relied upon CAL. CIV. CODE § 1714(a) in a case that did not involve alcohol or firearms and stated that, "In California, the general rule is that people owe a duty of care to avoid causing harm to others and that they are thus usually liable for injuries their negligence inflicts*." S. California Gas Leak Cases*, 441 P.3d 881, 885 (Cal. 2019) (citations omitted) (relating to economic losses from a gas leak).

While Gonzalez may appropriately claim violations of CAL. CIV. CODE § 1714, she cannot do so as support for the non-existent cause of action of gross negligence. Rather, she must cite to it as part of her claim of negligence.

Accordingly, the Motion to Dismiss is GRANTED with respect to this ground, and Gonzalez is granted LEAVE TO AMEND the Fifth Cause of Action to add reference to CAL. CIV. CODE § 1714 if she wishes.

**C. Gonzalez's reckless misconduct allegation is a separate and cognizable legal theory, but it is not sufficiently pled (as to the Fourth Cause of Action).**

Misconduct is different than negligence. However, while Gonzalez can claim reckless misconduct as an independent cause of action to thus seek punitive damages, she has not pled sufficient facts to survive the immediate motion.

Although neither GEA nor Gonzalez appear to differentiate between negligence and misconduct, *see generally* Compl., MTD, Opp'n, Reply, California views them as separate torts. "Willful, wanton, and reckless conduct differs from negligence not only in degree but also in kind." *Williams*, 440 P.2d at 509; "Willful or wanton misconduct is separate and distinct from negligence, involving different principles of liability and different defenses." *Calvillo-Silva v. Home Grocery*, 968 P.2d 65, 71 (Cal. 1998).

Accordingly, this means that a defendant cannot be found guilty of both negligence and reckless/willful misconduct for the same action. That would be inherently contradictory. *See, e.g.*, "Negligence and willfulness are as unmixable as oil and water. 'Willful negligence' is as self-contradictory as 'guilty innocence.'" *Kelly v. Malott*, 135 F. 74, 76 (7th Cir. 1905). This does not, however mean that both claims cannot be made in the same complaint, as parties are permitted to plead in the alternative.

Secondly, while Gonzalez could plausibly allege reckless misconduct in the immediate case, she has failed to provide enough facts to support a theory that GEA had "(1) actual or constructive knowledge of the peril to be apprehended, (2) actual or constructive knowledge that injury is a probable, as opposed to a possible, result of the danger, and (3) conscious failure to act to avoid the peril" as required. *See New*, 217 Cal. Rptr. at 526.

In her complaint, Gonzales alleges the following:

> [D]efendants exhibited in advance of Plaintiff's incident: (1) actual knowledge of the peril/danger they subjected Plaintiff to; (2) actual knowledge of the probability that Plaintiff would in fact be injured as a result of said Defendants misconduct/omission; and (3) a conscious decision to subject Plaintiff to said probability of injuries and harm and/or a conscious decision not to act to prevent Plaintiff from being injured and harmed.

Compl. ¶ 45.

8

However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. *Iqbal*, 556 U.S. at 678. "To survive a motion to dismiss, a complaint must contain *sufficient factual matter*, accepted as true, to state a claim to relief that is plausible on its face." *Id*. (citations omitted) (emphasis added). The factual matter Gonzalez submits in support of her claims of "gross negligence/reckless misconduct/violations of Civil Code §1714" does not satisfy this requirement. Gonzalez accuses GEA of:

A. Knowingly operating a worksite in violation of numerous OSHA rules and regulations that posed a danger to Plaintiff, and all others working on the subject property;

B. Knowingly allowing defendant DOE 1 to operate construction machinery/industrial machinery without the required licenses or certifications, posing a danger to Plaintiff, and all others working on the subject property;

C. Knowingly allowing and directing defendant DOE 1 to operate construction machinery in a clearly reckless and dangerous manner as part of and by defendants to "cut corners" on safety for the subject property;

D. Continuing the employment of defendant DOE 1 far beyond when it was advisable to continue the defendant's employment.

Compl. ¶ 41.

Upon analysis, none of these four allegations are sufficient for the Complaint to survive a Rule 12(b)(6) motion because they all fail to properly state a reckless misconduct claim and/or fail to satisfy the *Iqbal* standard. Starting with subpoint A, Gonzalez's claims do address all the three elements necessary to allege reckless misconduct. The subpoint discusses how GEA, (1) knowingly operated a worksite in a dangerous way by violating industry regulations, (2) knew this presented a danger to Gonzalez, and (3) chose to operate the worksite anyway and/or did not protect Gonzalez. *Id.* ¶ 41(A). However, while subpoint A *addresses* all three elements of reckless misconduct, it does not provide sufficient factual detail to satisfy the *Iqbal* standard. For example, what OSHA regulations did GEA violate? How did violating those regulations put Gonzalez at harm? These are essential questions left unanswered, which prevents this Court from finding this reckless misconduct claim "plausible on its face" even when drawing all inferences in Gonzalez's favor. *Iqbal*, 556 U.S. at 678.

Subpoint B has similar defects. It addresses all three elements of a reckless misconduct allegation, claiming that GEA, (1) knowingly created danger to Gonzalez by allowing for the operation of machinery without the required licenses or certifications, (2) knew this put Gonzalez in danger, and (3) consciously failed to avoid her ensuing injuries and/or protect her. Compl. ¶ 41(B). Yet, again, the sparsity of the allegations leaves critical questions unanswered. What machinery did GEA operate without proper certification or license? What was the required certification or license needed? How did the improper use of the machinery specifically injure Gonzalez? Subpoint B fails the *Iqbal* standard.

Subpoint C does not even address all three elements of misconduct, nor does it satisfy the *Iqbal* standard. While subpoint C does allege that GEA, (1) created danger to Gonzalez by allowing for and directing "clearly reckless and dangerous" operation of machinery and (2) consciously failed to avoid Gonzalez's ensuing peril and/or protect her, it does not address whether GEA knew that directing the dangerous operation of machinery would result in probable injury to Gonzalez. Compl. ¶ 41(C). Furthermore, even if the Court were to assume all three elements of the charge were addressed, it is still not sufficiently pled. How was the operation of the machinery "clearly reckless and dangerous?" *Id*. What machinery was being operated? How did the operation of that machinery specifically injure Gonzalez? Subpoint C fails to both address all the elements necessary to plead reckless misconduct and to satisfy the *Iqbal* standard.

Subpoint D is the same. In fact, subpoint D does not address any of the three elements compromising reckless misconduct. Did GEA know that continuing the employment of DOE 1 created danger to Gonzalez? Did GEA know that continuing the employment of DOE 1 would result in probable injury to Gonzalez? Did GEA consciously fail to protect Gonzalez or prevent harm to Gonzalez as a direct result of continuing employment of DOE 1? None of these elements are addressed, let alone sufficiently pled.

All in all, the factual matter Gonzalez submits in support of her claim of reckless misconduct fails to raise the claim above a "speculative level." *Twombly*, 550 U.S. at 555.

Accordingly, the Motion to Dismiss is GRANTED with respect to this ground.

\*\*\*

10

The Court finds that the above deficiencies in Gonzalez's complaint may be cured by amendment. Therefore, the Motion to Dismiss Count 4 is GRANTED WITH LEAVE TO AMEND for Gonzalez to provide sufficient factual pleading to support her claim of reckless misconduct. Gonzalez is also GRANTED LEAVE TO AMEND Count 5 if she wishes to (1) allege that the negligence rises to the degree of gross negligence; and (2) if she wishes to claim violations of CAL. CIV. CODE § 1714 as part of her negligence claim.

## **MOTION TO STRIKE**

Because the Motion to Dismiss is granted, the Motion to Strike is DENIED AS MOOT.

## **CONCLUSION**

For the foregoing reasons, the Court hereby ORDERS as follows:

1. GEA's Motion to Dismiss is GRANTED WITH LEAVE TO AMEND Counts 4 and 5;

2. GEA's Motion to Strike is DENIED as MOOT; and

3. Gonzalez is ORDERED to file a First Amended Complaint within twenty-eight (28) days of the date of this Order if she still desires to pursue any of the claims being dismissed with leave to amend.

IT IS SO ORDERED.

Dated: June 23, 2023

_____

MAAME EWUSI-MENSAH FRIMPONG

United States District Judge

11